CAROLYN FAULKS, PLAINTIFF, v. THE TOWNSHIP COMMITTEE OF THE TOWNSHIP OF OCEAN, IN THE COUNTY OF MONMOUTH, AND THE BOROUGH OF INTERLAKEN, DEFENDANTS.

Decided October 2, 1931.

For the plaintiff, *John Milton, Frederic J. Faulks* and *Walter D. Barker.*

For the borough of Interlaken, *Geran, Matlack & Lautman.*

For Ocean township, *Maurice A. Potter.*

BODINE, J.   This writ brings up for review an ordinance of Ocean township adopted November 7th, 1930, authorizing the construction of a chlorination and sewage treatment plant and ocean outfall sewer in the southerly half of Elberon avenue.   Only part of the structure offends.

The borough of Interlaken, which owns jointly with Ocean township the main sewer trunk line and disposal plant, was subsequently made a party defendant and is before the court.

The plaintiff resides in Allenhurst, and has been for some years the owner of property on the northerly side of Elberon avenue immediately west of the high water line of the Atlantic ocean.   She also acquired riparian rights contiguous to her property so that she now has a most advantageous location in a fashionable and exclusive resort.   The property is improved with a fine and commodious dwelling with a well planted lawn.

The center of Elberon avenue is the dividing line between the borough of Allenhurst and Ocean township. The plaintiff also owns property in Ocean township and by reason thereof has in common, with other property owners, certain rights in Elberon avenue secured by early deeds and dedications.

The borough of Allenhurst in 1929 erected in Elberon avenue a plant similar to that proposed to be erected by Ocean township. The plant is unsightly; the fumes are offensive, and the plaintiff has not only found her property unsuitable for her own health and convenience but has been unable to rent it to advantage.

The plant called for in the ordinance under review provides for bringing a trunk sewer from a sedimentation basin in Edgemont avenue, Ocean township, through Ocean place to Elberon avenue where a large manhole is to be placed. Then the sewer leads down Elberon avenue to the sewage treatment plant in the highway opposite plaintiff's property. The main plant is of concrete twenty-seven feet by ten feet, located deep beneath the surface of the street. Above the street level, however, is a concrete pump house building about thirteen feet square and ten feet high with which the plaintiff is chiefly concerned. The building as planned, aside from being an obstruction of some moment, is unsightly in the extreme and suggests in its appearance most primitive facilities of convenience.

After the sewage is treated it passes by an outfall line into the Atlantic ocean. The plant is ventilated by a so-called flag pole arrangement some seventy feet high, and there are all sorts of pumps and mechanical devices in the pump house and under ground intended to purify the sewage before it is ejected into the ocean. It is to be inferred that no flag will be desecrated by the chlorinated fumes from the vent. So the alleged flag pole is in reality nothing but a ventilating stack.

Above the level of the street are the two structures referred to which will effectively interfere with the use of Elberon avenue as a public highway.

The mere circumstance that the plaintiff has suffered an

inconvenience and a financial loss because of the construction of the Allenhurst plant does not make it necessary, as the defendants contend, that more sewage should be disinfected in front of her property unless the same is done in such a way as not to interfere with her vested rights in the highway.

The plaintiff, as before indicated, has not only a standing as a property owner in Allenhurst, because injuriously affected by the contemplated action, but also as a property owner in Ocean township deprived, if the plan is consummated, of free access over the highway to the Atlantic ocean.

A complete answer to the defendants' first contention that the plaintiff has no right to prosecute the writ is *Beecher* v. *Newark*, 64 *N. J. L.* 475; *affirmed*, 65 *Id.* 307; *Seaman* v. *Perth Amboy*, 97 *Id.* 76; *affirmed*, 98 *Id.* 174.

Elberon avenue appears on the early maps as a street fifty feet wide, extending to high water mark of the Atlantic ocean. The plaintiff, when she acquired her properties secured a vested right to pass and repass over such highway. Further, as a taxpayer in Ocean township, she has an interest because an expenditure such as is contemplated can hardly be made on private property, and it nowheres appears that the fee in the highway is vested in the township.

The proofs, besides maps and deeds in public record offices, clearly demonstrate that Elberon avenue for nearly a half century was dedicated as a public highway fifty feet wide extending to the Atlantic ocean. One-half of the highway was in the borough of Allenhurst and the other half in Ocean township. Further, the proofs show an acceptance thereof by the municipalities concerned.

The mere circumstance that some years ago a storm washed out a portion of the highway does not deprive the plaintiff and the public of their rights in the highway or secure to the township the privilege of erecting structures which will, for all time, interfere with the use of the highway. Nor does an unauthorized bulkhead, interfering with a free passage to the ocean, alter the situation.

By section 1, article 21, of the Home Rule act (1924), (2 *Cum. Supp. Comp. Stat.*, *p.* 2213), the right to construct sewers and disposal plants is granted to municipalities,

but this is not a grant of authority to construct the same in public highways so as to deprive property owners and the traveling public of existing rights.

The right to construct sewers in public streets is not doubted. *Roebling* v. *Trenton, &c.,* 58 *N. J. L.* 666. The right to build sewage disposal plants in the public highway seems never to have been judicially approved, probably because never in contemplation until very recently and certainly not when the streets in question were laid out. Streets were designed for public travel and while sewers, gas and water pipes not only do not interfere with the public travel, but tend to expedite the same, large and offensive structures built above the highway have the opposite effect.

The plaintiff is entitled to have the highway adjoining her premises free, at all events, from surface obstructions which will interfere with free passage to and from the same, and this she cannot have if the plant is built.

The ordinance under review will, therefore, be set aside.